MEMORANDUM **
Robert Keenan appeals pro se from the Tax Court’s summary judgment upholding the Internal Revenue Service’s determination to collect by levy Keenan’s unpaid federal income taxes for the years 1988 and 1990 through 1994. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court’s summary judgment de novo, see Johnston v. Comm’r, 461 F.3d 1162, 1164 (9th Cir.2006), and we affirm.
The Tax Court properly granted summary judgment because Keenan’s conclusory allegations were insufficient to controvert the Commissioner’s evidence that the tax deficiency assessments were valid, and that notices of the assessments and demands for payment were timely sent to Keenan. See Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir.2007) (“In opposing summary judgment, a nonmoving party must ... designate specific facts showing that there is a genuine issue for trial.”).
Keenan’s remaining contentions are unpersuasive.
We do not review the Tax Court’s imposition of a $15,000 penalty against Keenan pursuant to 26 U.S.C. § 6673(a)(1), because Keenan did not challenge the penalty on appeal. See DHL Corp. & Subsidiaries v. Comm’r, 285 F.3d 1210, 1224 n. 10 (9th Cir.2002) (noting that the Court ordinarily will not consider matters that are not raised in appellant’s briefs).
The Commissioner’s motion for sanctions is denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.